| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR/CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT _____ |

LASHEI DATES and NIGTASHA )
DATES, )
)
    Plaintiffs, )
)
vs. ) CAUSE NO.:
)
CITY OF CROWN POINT, INDIANA )
an Indiana Political Subdivision, and )
SGT. JAMES POLING, individually and )
in his capacity as a Crown Point, Indiana )
Law Enforcement Officer )
)
    Defendants. )

## COMPLAINT

COME NOW, Plaintiffs Lashei Dates and Nigtasha Dates, spouses, by Counsel Scott King and Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC and for their Complaint for Damages against the defendants, City of Crown Point and Sgt. James Poling, in his individual and official capacity state and allege as follows:

## BACKGROUND

1. On or about September 21, 2017 and at all relevant times thereafter, Lashei Dates was a resident of Lake County, State of Indiana.

2. On or about September 21, 2017 and at all relevant times thereafter, Nigtasha Dates was the spouse of Lashei Dates and was a resident of Lake County, State of Indiana.

3. On or about September 21, 2017 and at all relevant times thereafter, Defendant City of Crown Point, Indiana was an Indiana political sub-division located in Lake County, State of Indiana.

4. On or about September 21, 2017, and at all relevant times thereafter, Defendant Sgt. James Poling was employed by the City of Crown Point, Indiana and was acting under color of state law.

5. The incidents complained of herein occurred in the County of Lake, State of Indiana.

## COUNT I: SECTION 1983 ILLEGAL SEARCH AND SEIZURE

6. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-5, and make them a part herein.

7. On or about September 21, 2017 Sgt. James Poling was on duty working as an officer of the Crown Point, Indiana police department near the intersection of Broadway and 93rd Avenue in Lake County, Indiana.

8. On or about September 21, 2017, Lashei Dates was at the Speedway gas station near the intersection of Broadway and 93rd Avenue in Lake County, Indiana.

9. Sgt. James Poling pulled Lashei Dates over and arrested her after she left said gas station and proceeded westbound on 93rd Avenue.

10. Sgt. James Poling illegally seized Lashei Date's person without probable cause.

11. As a result of Sgt. James Poling's illegal seizure of Lashei Dates, Ms. Dates suffered physical and emotional injuries.

12. Lashei Dates was arrested and transported to the Lake County Jail.

13. The Defendant's actions, as described above, were under the color of state law.

14. This Complaint against the individual defendants is for damages arising out of the violation of civil rights pertaining to Lashei Dates, which are in direct violation of Indiana common law and the Indiana and United States Constitutions.

15. Lashei Dates had a clearly established right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

16. That Sgt. James Poling subjected Lashei Dates to an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

WHEREFORE, the Plaintiffs, Lashei Dates and Nigtasha Dates pray for judgment and damages against the Defendants as previously stated and as follows:

a. awarding the Plaintiffs general and/or compensatory damages, including without limitation damages for their pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

b. awarding the Plaintiffs punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

c. awarding the Plaintiffs their costs and attorney's fees;

d. awarding the Plaintiffs treble damages in an amount up to three times the amount of their compensatory damages for the egregious nature of Defendants' actions.

e. for all other legal and/or equitable relief this Court deems just and proper in the premises.

## COUNT II: SECTION 1983 EXCESSIVE FORCE

COMES NOW, Plaintiff Lashei Dates by Counsel Scott King and Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC and for their Complaint for Damages against the defendants, City of Crown Point, Indiana and Sgt. James Poling, in his individual and official capacity, state and allege as follows:

17. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-16, and make them a part herein.

3

18. Sgt. James Poling struck Lashei Dates multiple times causing physical injuries to Lashei Dates.

19. Defendants' actions were unreasonable based on the totality of the circumstances surrounding Lashei Dates' injuries.

20. Defendants' actions were without justification or provocation.

WHEREFORE, the Plaintiffs, Lashei Dates and Nigtasha Dates, pray for judgment and damages against the Defendants as previously stated and as follows:

a. awarding the Plaintiffs general and/or compensatory damages, including without limitation damages for their pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

b. awarding the Plaintiffs punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

c. awarding the Plaintiffs their costs and attorney's fees;

d. awarding the Plaintiffs treble damages in an amount up to three times the amount of their compensatory damages for the egregious nature of Defendants' actions.

e. for all other legal and/or equitable relief this Court deems just and proper in the premises.

## COUNT III:  SECTION 1983 FAILURE TO TRAIN AND SUPERVISE

COMES NOW, Plaintiffs by Counsel Scott King and Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC and for their Complaint for Damages against the defendants, City of Crown Point, Indiana and Sgt. James Poling, hereinafter collectively referred to as "defendants" state and allege as follows:

4

21. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-20, and make them a part herein.

22. Defendant City of Crown Point, Indiana failed to adequately train and supervise Sgt. James Poling which constituted a deliberate indifference to Plaintiffs' constitutional rights.

WHEREFORE, the Plaintiffs, Lashei Dates and Nigtasha Dates, pray for judgment and damages against the Defendants as previously stated and as follows:

a. awarding the Plaintiffs general and/or compensatory damages, including without limitation damages for their pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

b. awarding the Plaintiffs punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

c. awarding the Plaintiffs their costs and attorney's fees;

d. awarding the Plaintiffs treble damages in an amount up to three times the amount of their compensatory damages for the egregious nature of Defendants' actions.

e. for all other legal and/or equitable relief this Court deems just and proper in the premises.

**COUNT IV: BATTERY**

Comes now plaintiffs, Lashei Dates and Nigtasha Dates by Scott King and Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC and for their Complaint for Damages against the defendants, City of Crown Point, Indiana and Sgt. James Poling in his individual and official capacity, state and allege as follows:

23. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-22, and make them a part herein.

24. Defendant Sgt. James Poling knowingly or intentionally touched Lashei Dates in a rude, insolent or angry manner.

25. Defendant Sgt. James Poling acted with malice, gross negligence or oppressiveness.

26. Defendant Sgt. James Poling's actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

27. Defendant Sgt. James Poling lacked any legal justification for his actions.

28. Defendant Sgt. James Poling was acting within the scope of his employment as a sworn officer of the police department of defendant City of Crown Point, Indiana.

29. Lashei Dates suffered physical and emotional injuries as a result of Defendants' unlawful actions.

WHEREFORE, the Plaintiffs, Lashei Dates and Nigtasha Dates, pray for judgment and damages against the Defendants as previously stated and as follows:

a. awarding the Plaintiffs general and/or compensatory damages, including without limitation damages for their pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

b. awarding the Plaintiffs punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

c. awarding the Plaintiffs their costs;

d. awarding the Plaintiffs treble damages in an amount up to three times the amount of their compensatory damages for the egregious nature of Defendants' actions.

  e. for all other legal and/or equitable relief this Court deems just and proper in the premises.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

COMES NOW, Plaintiffs Lashei Dates and Nigtasha Dates by Counsel Scott King and Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC and for their Complaint for Damages against the defendants, City of Crown Point, Indiana and Sgt. James Poling in his individual and official capacity, state and allege as follows:

30. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-29, and make them a part herein.

31. Defendant Sgt. James Poling's battery and unlawful arrest of Lashei Dates was extreme and outrageous conduct.

32. Defendant Sgt. James Poling intentionally or recklessly caused severe emotional distress to Lashei Dates.

33. Defendant Sgt. James Poling's actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

34. Defendant Sgt. James Poling lacked any legal justification for his actions.

35. Defendant Sgt. James Poling was working at the time of his unlawful actions and was acting within the scope of his employment as a police officer in the Crown Point, Indiana police department.

36. Lashei Dates suffered severe emotional distress as a result of the defendants' unlawful actions.

WHEREFORE, the Plaintiffs, Lashei Dates and Nigtasha Dates, pray for judgment and damages against the Defendants as previously stated and as follows:

a. awarding the Plaintiffs general and/or compensatory damages, including without limitation damages for their pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

b. awarding the Plaintiffs punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

c. awarding the Plaintiffs their costs;

d. awarding the Plaintiffs treble damages in an amount up to three times the amount of their compensatory damages for the egregious nature of Defendants' actions.

e. for all other legal and/or equitable relief this Court deems just and proper in the premises.

## COUNT VI: NEGLIGENCE

COMES NOW, Plaintiffs Lashei Dates and Nigtasha Dates by Counsel Scott King and Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC., and for their Complaint for Damages against the defendants, City of Crown Point, Indiana and Sgt. James Poling, state and allege as follows:

37. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-36, and make them a part herein.

38. At all relevant times, the Defendants, City of Crown Point, Indiana and Sgt. James Poling owed a duty to the Lashei Dates to exercise reasonable care toward Lashei Dates.

39. The Defendants breached their duty of care owed to Lashei Dates.

40. As a direct and proximate result of the Defendants' negligence, Lashei Dates was severely injured requiring medical care and attention along with the incidental and consequential expenses involved therewith.

41. In addition, as a result of Defendants' negligence, Lashei Dates has suffered from pain and suffering and severe emotional distress.

WHEREFORE, the Plaintiffs, Lashei Dates and Nigtasha Dates, pray for judgment and damages against the Defendants as previously stated and as follows:

    a.    awarding the Plaintiffs general and/or compensatory damages, including without limitation damages for their pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

    b.    awarding the Plaintiffs punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

    c.    awarding the Plaintiffs their costs;

    d.    awarding the Plaintiffs treble damages in an amount up to three times the amount of their compensatory damages for the egregious nature of Defendants' actions.

    e.    for all other legal and/or equitable relief this Court deems just and proper in the premises.

### COUNT VII: LOSS OF CONSORTIUM

42. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs numbered 1-41, and make them a part herein.

43. At all times relevant to this complaint, the plaintiffs Lashei Dates and Nigtasha Dates were married.

44. As a result of the acts complained of in this complaint, plaintiff Nigtasha Dates suffered the loss of consortium based upon the above alleged acts by the defendants against Lashei Dates.

WHEREFORE, the Plaintiff, Nigtasha Dates, prays for judgment and damages against the Defendants as previously stated and as follows:

a. awarding the Plaintiff general and/or compensatory damages, including without limitation damages for their pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

b. awarding the Plaintiff punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

c. awarding the Plaintiff her costs;

d. awarding the Plaintiff treble damages in an amount up to three times the amount of her compensatory damages for the egregious nature of Defendants' actions.

e. for all other legal and/or equitable relief this Court deems just and proper in the premises.

## JURY DEMAND

Plaintiffs, Lashei Dates and Nigtasha Dates, by Counsel, respectfully demands trial by jury on all issues.

Dated this 18th day of September, 2019.

Respectfully submitted,

KING, BROWN & MURDAUGH, LLC
9211 Broadway
Merrillville, IN  46410
219/769-63000 - Fax 219/769-0633
Attorneys for Plaintiffs


By: /s/ Scott King
    Scott King #5208-45


By:/s/ Russell W. Brown, Jr.
    Russell W. Brown, Jr. #29628-64